# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| PERISCOPE HOLDINGS, INC. | § | |
| | § | |
| v. | § | A-18-CV-001 LY |
| | § | |
| IAN SILVER | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and/or Improper Venue, or in the Alternative, Motion to Dismiss for Failure to State a Claim (Dkt. No. 2); Plaintiff's Response, (Dkt. No. 4); and Defendant's Reply (Dkt. No. 6). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules.

## I. GENERAL BACKGROUND

Plaintiff Periscope Holdings, Inc. is a Texas corporation with its principal place of business in Austin, Texas and offers procurement software for buyers in the public and higher education sectors. For buyers, Periscope offers eProcurement software and provides consulting services to enhance the use of the software. For suppliers, Periscope offers government bid notifications, spend analytics tools, and proposal writing services.

From 2009 through 2016, Periscope served as the provider for the State of Arizona's electronic procurement services. In July 2016, Arizona issued a request for proposal for electronic procurement software and services contract and expressed dissatisfaction with the services provided by Periscope. In March 2017, Arizona awarded the contract to a competitor of Periscope named Ivalua, which had

partnered with KPMG for the Project. Periscope challenged the award of the contract to Ivalua by (1) protesting the award at the administrative level which was unsuccessful;[1] and (2) lobbying the Arizona legislature, and in particular the Joint Legislative Budget Committee of Arizona ("JLBC") which had to approve the Project, that changing the contract to Ivalua would be a waste of taxpayer dollars.

Periscope alleges that in September 2017, a consultant working on behalf of Ivalua disseminated a "hit sheet" to each member of the JLBC which disparaged Periscope. Periscope contends that this hit sheet contained false information as well as proprietary and confidential information. Periscope's legislative challenge to the Project eventually failed.

Defendant Ian Silver, a South Carolina citizen, was employed at Periscope as Director of Sales from December 2014 to February 2016, and then as Director of Strategic Alliances from February 2016 to April 2017. During his employment with Periscope, Silver worked remotely from his home, first in Carolina Beach, North Carolina, and then in Mount Pleasant, South Carolina. In May 2017, Silver resigned from Periscope, and in June 2017 he began working for KPMG.

On November 21, 2017, Periscope filed this lawsuit in Texas state court alleging common law misappropriation of confidential information and trade secrets, and tortious interference with business relationship. Dkt No. 1 at 10-25, *Periscope Holdings, Inc. v. Silver*, D-1-GN-17-006392 (98th Dist. Ct., Travis County, Tex. Nov. 21, 2017). Periscope alleges that during his employment with Periscope, "Silver acquired Periscope's confidential and/or trade secrets, including information regarding its market strategy, integration with partner companies, customer information," and "is now using that information for the benefit of his new employer, KPMG, through its partnership with Ivalua,

---

[1] Periscope is appealing the denial of the administrative appeal in Arizona state court.

in order to harm Periscope's competitive advantage as the incumbent in Arizona." *Id.* at ¶ 27. Periscope alleges on "information and belief" that Silver provided proprietary confidential information to Ivalua, which in turn used that information to compile the hit list handed out to the JLBC. Periscope further alleges that Silver willfully and intentionally made fraudulent statements about Periscope in order to interfere with the contract between Periscope and the State of Arizona. In addition to damages and attorney's fees, Periscope seeks a temporary restraining order and temporary and permanent injunction against Silver.

On January 2, 2018, Silver removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. 1441. Silver has now filed a motion to dismiss for lack of personal jurisdiction and/or improper venue. He also moves to dismiss for failure to state a claim. Because the Court finds that it lacks personal jurisdiction over Silver, its analysis begins and ends there.

## II. ANALYSIS

**A.     Personal Jurisdiction Principles**

A non-resident defendant may move to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). "If, as here, the court rules on personal jurisdiction without conducting an evidentiary hearing, the plaintiff bears the burden of establishing only a *prima facie* case of personal jurisdiction." *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). "The district court is not obligated to consult only the assertions in the plaintiff's complaint in determining whether a *prima facie* case for jurisdiction has been made. Rather, the district court may consider the contents of the record at the time of the motion. . . ." *Id.* (internal quotations and citations omitted). "Although jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a *prima facie* case for [personal] jurisdiction has been presented." *Id.* The

plaintiff must prove that the court has jurisdiction over the defendant with regard to each claim. *Sieferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 275 (5th Cir. 2006).

A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) the state's long-arm statute permits an exercise of jurisdiction over that defendant, and (2) an exercise of jurisdiction would comport with the requirements of the Due Process Clause of the Fourteenth Amendment. *Sangha,* 882 F.3d at 101; *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009), *cert. denied,* 131 S.Ct. 68 (2010). Because the requirements of Texas's long-arm statute are coextensive with the requirements of the Due Process Clause, the sole inquiry is whether the district court's exercise of personal jurisdiction over the defendants would be consistent with due process. *Id.*

The Supreme Court has articulated a two-part test to determine whether a federal court sitting in diversity may properly exercise personal jurisdiction over a nonresident defendant: (1) the nonresident must have sufficient "minimum contacts" with the forum state, and (2) subjecting the nonresident to jurisdiction in the forum state must not offend traditional notions of "fair play and substantial justice." *McFadin*, 587 F.3d at 759 (citing *Int'l Shoe*, 326 U.S. at 316). A defendant's "minimum contacts" may give rise to either *specific* or *general* personal jurisdiction, depending on the nature of the suit and defendant's relationship to the forum state. *Jackson v. Tanfoglio Giuseppe, S.R.L.,* 615 F.3d 579, 584 (5th Cir. 2010).

Specific jurisdiction exists "over a nonresident defendant whose contacts with the forum state are singular or sporadic only if the cause of action asserted arises out of or is related to those contacts." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., 818 F.3d 193, 212 (5th Cir. 2016). "In other words, such jurisdiction exists when a nonresident defendant has purposefully

4

directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Sangha*, 882 F.3d at 101(internal quotation marks omitted). "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

In contrast, "[a] court may assert general jurisdiction over [non-resident defendants] to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* "Establishing general jurisdiction is 'difficult' and requires 'extensive contacts between a defendant and a forum.'" *Sangha*, 882 F.3d at 102 (quoting *Johnston v. Mutidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "Even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required. . . . [V]ague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Id.*

"Once a plaintiff establishes minimum contacts between the defendant and the forum state, the burden of proof shifts to the defendant to show that the assertion of jurisdiction is unfair and unreasonable." *Sangha*, 882 F.3d at 102. In determining whether the exercise of jurisdiction is fair and reasonable, the court must balance: (1) the burden on the nonresident defendant of having to defend itself in the forum, (2) the interests of the forum state in the case, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in the most efficient resolution of controversies, and (5) the shared interests of the states in furthering fundamental social policies. *Id.*

## B. Silver's Contacts with Texas

Periscope's Response to the Motion to Dismiss demonstrates that it is attempting to rely on Silver's *general* contacts with the State of Texas to establish personal jurisdiction over Silver. Periscope argues that this Court has general jurisdiction over Silver because he worked for a Texas-based company for two years and during the course of that employment "traveled to Texas at least a dozen times." Dkt. No. 4 at p. 7.

As discussed above, establishing general jurisdiction is "difficult" and requires "extensive contacts" between a defendant and a forum. *Sangha*, 882 F.3d at 102. "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction." *Johnston*, 523 F.3d at 609 (citations omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (internal citations and quotations omitted). Furthermore, the Fifth Circuit has noted that in-forum business transactions, "even at regular intervals," may not support general jurisdiction. *Johnston*, 523 F.3d at 610.

Periscope has failed to demonstrate that Silver has sufficient continuous and systematic contacts with Texas to confer general jurisdiction over him in this case. Silver is a South Carolina resident and works remotely from his home in South Carolina. Silver has never resided in Texas. Silver never maintained an office at Periscope's offices in Texas. He was paid by Periscope through deposits into a bank account outside of Texas. Silver owns no real or personal property in Texas. Silver does not have any bank accounts in Texas nor does he maintain any other assets in Texas. Silver is not required to pay any income, business, or property taxes to Texas. He has not used the Texas court system as a litigant other than being named in the instant lawsuit. There is no evidence

that Silver regularly does business in Texas, nor is there any indication that he has ongoing business relationships with Texas. Silver's limited connection with Texas includes having worked for a Texas corporation remotely from South Carolina, and visiting Texas approximately six times during his employment with Periscope for business meetings. These contacts are insufficient to subject Silver to the general jurisdiction of Texas courts. *See Devries v. Bulldog Well Testing LLC*, 2017 WL 1134318, at *6 (S.D. Tex. Mar. 27, 2017) (holding that court lacked general jurisdiction over defendant where defendants did not possess any property in Texas, have any bank accounts in Texas, pay taxes in Texas, or maintain a personal office in Texas).

The fact that Silver worked for a Texas-based company and traveled to Texas half a dozen times on business is insufficient to confer general jurisdiction over him. "[M]ere travel, even at regular intervals into a state, does not create general jurisdiction." *Johnston*, 523 F.3d at 614; *see also*, *Jackson*, 615 F.3d at 585 (finding that attendance at two trade shows was insufficient to show general jurisdiction). Based upon the foregoing, Periscope has failed to demonstrate that the Court has general jurisdiction over Silver.[2]

**C.    Jurisdictional Discovery**

In its Response, Periscope seems to acknowledge that it has failed to carry its burden to demonstrate that the Court has personal jurisdiction over Silver and requests permission to conduct jurisdictional discovery.

To support a request for jurisdictional discovery, Plaintiff must first make "a preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). A preliminary showing does not require proof that personal jurisdiction exists, but "factual

---

[2]Periscope does not argue that the Court has specific jurisdiction over Silver.

allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Id.* (internal citation omitted). In other words, Plaintiff must state the facts that discovery is expected to uncover, and how those facts would support personal jurisdiction. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir.), *cert. denied*, 531 U.S. 979 (2000). 'If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts. . .the plaintiff's right to conduct jurisdictional discovery should be sustained." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003). In the course of making necessary findings of jurisdictional fact, the Court has broad discretion to permit a party to conduct jurisdictional discovery. *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). "When lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Id.* at 284.

The Court concludes that jurisdictional discovery is not necessary in this case. Periscope has failed to make a "preliminary showing of jurisdiction" through "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Fielding*, 415 F.3d at 429. Periscope's jurisdictional allegations include the following: (1) Silver worked for a Texas company; (2) Silver traveled to Texas on business while he worked for Periscope; and (3) "on information and belief," Silver misappropriated Periscope's confidential and proprietary information at these meetings. These allegations fail to demonstrate a preliminary showing of either general or specific jurisdiction over Silver. Periscope's Reply contains nothing more than vague or conlcusory assertions of the need for discovery. *See Reese v. Anderson*, 926 F.2d 494, 499 n. 5 (5th Cir.1991) ("Vague assertions of the need for additional discovery are as unavailing as vague responses on the merits"). Moreover, Periscope fails to state how jurisdictional discovery would produce "a smoking

jurisdictional gun." *Marine Geotechnics, LLC. v. Williams*, 2009 WL 2144358 at *5 (S.D. Tex. July 13, 2009). Based upon the foregoing, the Court **DENIES** Periscope's request to conduct jurisdictional discovery.

## V. RECOMMENDATION

The undersigned magistrate judge **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 2)`.

## VI. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED this 14th day of June, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE